UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

CAPE FEAR REGIONAL TAX
CONSULTANTS, LLC, OCTAVIA
CONSULTING GROUP, LLC, and ROHIT
CHOWDHURY,

          Plaintiffs,

v.

EPIPHANY SOUTHEAST, LLC, THAYER
WADE, and EMILY WADE,

          Defendants.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Epiphany Southeast, LLC (*Epiphany*), Thayer Wade, and Emily Wade (collectively, *Defendants*) hereby remove the above-captioned action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. The grounds for removal are as follows:

### THE STATE COURT ACTION

1. On May 21, 2026, Plaintiffs Cape Fear Regional Tax Consultants, LLC (*Cape Fear*), Octavia Consulting Group, LLC (*Octavia*), and Rohit Chowdhury (*Mr. Chowdhury*) (collectively, *Plaintiffs*) commenced this action against Defendants by filing a civil complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, captioned *Cape Fear Regional Tax Consultants, LLC, et al. v. Epiphany Southeast, LLC, et al.*,

1

File No. 26CV028308-590 (the *State Court Action*). A true and correct copy of the Summons, Complaint, and Affidavit are attached as **Exhibit A**.

2.      The Complaint asserts eight causes of action arising out of an Asset Purchase Agreement dated November 6, 2025 (the *APA*) and related transaction documents, including claims for breach of contract, specific performance, declaratory judgment, conversion, unjust enrichment, and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

3.      Defendants were served with the Summons and Complaint on May 26, 2026. Apart from the Affidavit of Service, no other process, pleadings, or orders have been served on Defendants in the State Court Action as of the date of this Notice.

## THIS COURT HAS DIVERSITY JURISDICTION

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Plaintiffs' Citizenship

5.      For purposes of 28 U.S.C. § 1332, a limited liability company is not a citizen of its state of organization; rather, it is a citizen of every State of which any of its members is a citizen. Where a member of a limited liability company is itself a limited liability company or other unincorporated entity, the citizenship inquiry must be traced through each successive layer of membership until the citizenship of the ultimate individual or corporate members is determined. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

2

6.      Plaintiff Cape Fear is a limited liability company. Although Cape Fear is organized under the laws of the State of North Carolina, *see* Compl. ¶ 1, its citizenship for diversity purposes is determined by the citizenship of its members. The APA recites that Octavia Consulting Group, LLC is the sole member of Cape Fear and owns all of the issued and outstanding equity of Cape Fear. APA, Preamble & Recital B; *see also* Cape Fear Amended Articles of Organization (Jan. 8, 2024). As set forth in paragraph 7 below, Octavia is a citizen of the United States Virgin Islands. *See also* Compl. ¶ 2.  Cape Fear is therefore a citizen of the United States Virgin Islands.

7.      Plaintiff Octavia is a limited liability company organized under the laws of the United States Virgin Islands. Compl. ¶ 2.  The APA recites that the only members of Octavia are Rohit Chowdhury and Kristi Chowdhury, and that each owns 50% of the equity of Octavia. APA, Preamble & Recital C. As set forth in paragraph 8 below, Rohit Chowdhury is a citizen of the United States Virgin Islands; and upon information and belief Kristi Chowdhury is also a citizen of the United States Virgin Islands. Octavia is therefore a citizen of the United States Virgin Islands.

8.      Plaintiff Rohit Chowdhury is a citizen of the United States Virgin Islands. Compl. ¶ 3. Under 28 U.S.C. § 1332(e), the United States Virgin Islands is treated as a State for purposes of diversity jurisdiction.

### B. Defendants' Citizenship

9.      Defendant Epiphany is a limited liability company organized under the laws of the State of Delaware. Compl. ¶ 4.  The members of Epiphany are Thayer Wade, a citizen of Texas, and Wade Family Holdings, LLC, a Delaware limited liability company. The only members of Wade Family Holdings, LLC are Thayer Wade and Emily Wade, both of whom are citizens of the

State of Texas. Epiphany is therefore a citizen of the State of Texas for purposes of diversity jurisdiction.

10. Defendant Thayer Wade is a citizen of the State of Texas. Compl. ¶ 5.

11. Defendant Emily Wade is a citizen of the State of Texas. Compl. ¶ 6.

12. Complete diversity exists between all Plaintiffs (citizens of the United States Virgin Islands) and all Defendants (citizens of the State of Texas). No Defendant is a citizen of any State of which any Plaintiff is a citizen.

*C. Amount in Controversy*

13. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint seeks, among other things: (i) compensatory damages of not less than $187,500 representing funds claimed from the Indemnification Escrow Fund under the APA, *see* Compl. ¶¶ 23, 76, 81, Prayer for Relief ¶ 3(a); (ii) additional compensatory damages for unpaid receivables, Side Letter remittances, and telephone service amounts, *id.* Prayer for Relief ¶ 3(b)–(d); (iii) treble damages pursuant to N.C. Gen. Stat. § 75-16, *id.* Prayer for Relief ¶ 5; (iv) punitive damages pursuant to N.C. Gen. Stat. § 1D-1 *et seq.*, *id.* Prayer for Relief ¶ 6; (v) reasonable attorneys' fees and costs of enforcement, *id.* Prayer for Relief ¶ 8; and (vi) equitable relief including specific performance, accounting, constructive trust, and disgorgement, *id.* Prayer for Relief ¶¶ 2, 4. It therefore is clear that the amount in controversy substantially exceeds $75,000.

## THE APA'S FORUM-SELECTION CLAUSE DOES NOT PRECLUDE REMOVAL

14. Section 10.10(b) of the APA provides that any suit arising out of the APA "shall be instituted only in the federal courts of the United States of America or the courts of the State of North Carolina in each case located in Mecklenburg County, North Carolina." By its plain terms, the clause is permissive as between federal and state forums and expressly authorizes federal court

4

jurisdiction. Removal to this Court is therefore consistent with the forum-selection clause and is not a waiver of any Party's rights thereunder.

## THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after service of the Summons and Complaint.

16. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a). The Western District of North Carolina, Charlotte Division, is the federal judicial district and division embracing Mecklenburg County, North Carolina, where the State Court Action was filed. *See* 28 U.S.C. § 113(c).

17. All properly joined and served Defendants consent to removal of this action to this Court. 28 U.S.C. § 1446(b)(2)(A). Defendants Epiphany Southeast, LLC, Thayer Wade, and Emily Wade are represented by the undersigned counsel and each consents to and joins in this Notice of Removal.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached as **Exhibit A**.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly (i) give written notice of the filing of this Notice of Removal to Plaintiffs through their counsel of record and (ii) file a copy of this Notice of Removal with the Clerk of the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, thereby effecting removal and divesting the state court of jurisdiction.

20. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, all defenses, objections, exceptions, and rights of any kind whatsoever, including without

5

limitation defenses under Federal Rule of Civil Procedure 12. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

WHEREFORE, Defendants respectfully remove this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

Respectfully submitted, this 2nd day of June, 2026.

JOHNSTON, ALLISON & HORD, P.A.

/s/ Kimberly J. Kirk

Kimberly J. Kirk, NC State Bar No. 44255
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone: (704) 332-1181
Email: kkirk@jahlaw.com

*Attorneys for Defendants Epiphany Southeast, LLC, Thayer Wade, and Emily Wade*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of June, 2026, I caused a true and correct copy of the foregoing *Notice of Removal* to be served on counsel of record for Plaintiffs via electronic mail and U.S. Mail, postage prepaid, at the following address:

> David G. Redding
> Sean A. McLeod
> TLG Law
> 2907 Providence Road, Suite 303
> Charlotte, North Carolina 28211
> dredding@tlg-law.com
> smcleod@tlg-law.com

I further certify that on the same date a copy of the foregoing *Notice of Removal* was filed with the Clerk of the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, in *Cape Fear Regional Tax Consultants, LLC, et al. v. Epiphany Southeast, LLC, et al.*, File No. 26CV028308-590, pursuant to 28 U.S.C. § 1446(d).

This 2nd day of June, 2026.

JOHNSTON, ALLISON & HORD, P.A.

/s/ Kimberly J. Kirk

Kimberly J. Kirk, NC State Bar No. 44255
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone: (704) 332-1181
Email: kkirk@jahlaw.com

*Attorneys for Defendants Epiphany Southeast, LLC, Thayer Wade, and Emily Wade*

7